**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELLYN LISEO, | : |
| plaintiff, | : |
| v. | : CASE NO. 3:19-cv-00256(RAR) |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | : |
| defendant. | : |

## RULING ON PENDING MOTIONS

Ellyn Liseo ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated December 26, 2018. Plaintiff timely appealed to this court. Currently pending are plaintiff's motion for an order reversing and remanding her case for a hearing (Dkt. #14-1) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #15.)

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is DENIED and the Commissioner's motion to affirm is GRANTED.

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party to this action automatically.

## STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act("SSA") provides that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the

3

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II and XVI on May 9, 2016. (R. 195.)[4] Plaintiff alleged a disability onset date of May 11, 2015. (R. 195.) At the time of application, plaintiff alleged that she suffered from post-traumatic stress disorder ("PTSD"), major depressive disorder, and anxiety. (R. 173.) The initial application was denied on June 24, 2016, and again upon reconsideration on

---

Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

4

November 18, 2016. (R.163-66, 173-79). Plaintiff then filed for an administrative hearing which was held by ALJ I.K. Harrington (hereinafter the "ALJ") on February 9, 2018. (R. 33-66.) The ALJ issued an unfavorable decision on March 21, 2018. (R. 12-27.) On May 16, 2018, plaintiff sought a review by the Appeals Council, which was denied on December 26, 2018. (R. 1-5.) Plaintiff then filed this action seeking judicial review. (Dkt. #14-1.)

## DISCUSSION

Plaintiff asserts that (1) the ALJ's opinion is not supported by substantial evidence as it misstates the record, (2) the ALJ's RFC determination is incorrect, and (3) the ALJ improperly weighed the opinions of state agency consultants, licensed clinical social worker ("LCSW") Sandoval, and the State of Connecticut Department of Rehabilitation Services (hereinafter "Rehabilitation Services"). (Pl. Br. 13.) Based on the following, the Court finds that the ALJ's opinion was based on substantial evidence, the ALJ's RFC determination was proper, and the ALJ properly weighed the medical opinions. The Court therefore affirms the ALJ's decision.

### I. The ALJ's Opinion Did Not Misstate the Record and Was Supported by Substantial Evidence

When an individual's impairment does not meet or equal a listed impairment, the ALJ will "make a finding [of the

5

individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). Plaintiff has the burden of establishing a diminished RFC. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

"The regulations provide a two-step process for evaluating a claimant's assertions of pain and other limitations. At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2011) (citing 20 C.F.R. § 404.1529(b)). "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." Genier, 606 F.3d at 49 (alterations in original) (quoting 20 C.F.R. § 404.1529(b)).

"In determining whether [an individual is] disabled, [the ALJ will] consider all [of an individual's] symptoms, including pain, and the extent to which [his or her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c). While

statements of pain are insufficient, an ALJ may not reject statements of intensity and persistence of pain or other symptoms affecting an individual's ability to work because of a lack of substantiating medical evidence. Id. at § 404.1529(c)(2).

First, the ALJ properly determined that plaintiff suffered from two medically determinable impairments, general anxiety disorder and alcohol abuse, which could have been expected to produce plaintiff's symptoms. (R. 18.) The ALJ further found that plaintiff's general anxiety disorder and alcohol abuse more than minimally interfered with her ability to perform basic work activities and therefore were severe. (R. 18.)

At step two, the ALJ determined that plaintiff's declarations of anxiety were inconsistent with the objective medical evidence and other evidence. Plaintiff asserts that the ALJ's opinion misstates the record. (Pl. Br. 7.)

Plaintiff asserts that the ALJ misstated the record by stating that plaintiff "maintained substantial mental abilities;" that her "anxiety does not interfere with her daily function;" that she could care for herself and take public transportation; and by finding that plaintiff's hospitalizations had been caused by external factors. (Pl. Br. 7, 9, 10.) Plaintiff relies on Horan v. Astrue in support of her position.

7

Horan v. Astrue, 350 Fed. Appx. 483 (2d Cir. 2009). Plaintiff's reliance is misplaced.

In Horan, the Second Circuit reversed the ALJ's decision because the ALJ inaccurately stated the plaintiff's abilities. Id. at 485. The ALJ stated that plaintiff could dress himself, take his son to and from school, cook, and pull a blouse over his head. Id. at 484. The plaintiff actually testified that he could not cook, some days his son had to help put a shirt on overhead, he could dress himself only some days, and he needed assistance bringing his son to school. Id. The ALJ's opinion was a completely inaccurate depiction of the plaintiff's testimony.

Unlike Horan, the ALJ did not inaccurately state the record. Notably, plaintiff does not assert that the ALJ statements are inaccurate, but rather that they fail to support the ALJ's assertion or were applied erroneously. (Pl. Br. 7-13.) Therefore, Horan does not apply.

Plaintiff's argument can more accurately be summarized as asserting that the ALJ's opinion is not supported by substantial evidence. Plaintiff asserts that the ALJ's conclusion that plaintiff maintained substantial mental functioning was incorrect because it was based on irrelevant activities of daily living. (Pl. Br. 7-8.) Plaintiff further asserts that the ALJ improperly examined her activities of daily living because her

8

activities more accurately reflect that she is unable to function due to her severe anxiety. (Pl. Br. 9.) Finally, plaintiff asserts that the ALJ imposed overly restrictive requirements on plaintiff by requiring frequent hospitalization to be disabled. (Pl. Br. 10.) The Court disagrees.

"As a fact-finder, the ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence." Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997). "'Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence . . . Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.'" Lillis v. Colvin, No. 3:16-cv-269(WIG), 2017 WL 784949, at *5 (D. Conn. Mar. 1, 2017) (quoting Hanson v. Comm'r of Soc. Sec., No. 315-CV-0150GTS(WBC), 2016 WL 3960486, at *12 (N.D.N.Y. June 29, 2016), report and recommendation *adopted sub nom*. Hanson v. Colvin, No. 315-CV-150GTS(WBC), 2016 WL 3951150 (N.D.N.Y. July 20, 2016)).

The ALJ noted that plaintiff's activities of daily living were inconsistent with the asserted level of her anxiety and demonstrate that plaintiff's anxiety does not interfere with her daily functioning. (R. 23.) While plaintiff asserts that she

9

cannot leave her house and interact with others due to her anxiety, plaintiff takes public transportation, visits schools with her daughter, has been actively seeking employment, and spends "a good portion" of her day on the phone with her mother and children.  (R. 44, 49, 50, 806, 831.)

The ALJ further noted that the record did not establish that plaintiff had difficulties interacting with her medical providers but was consistently cooperative with them although plaintiff reports an inability to complete grocery shopping or maintain herself in public out of frustration.  (R. 43, 45, 602, 746, 752, 769, 770, 772, 773, 775, 777, 780, 781, 783, 806.) Finally, while plaintiff reports that her anxiety causes her to scream at strangers in the street out of frustration, plaintiff reported to her therapist that she has had significant improvement in this and prayed with a stranger in the street, even reaching out to touch the person's hand.  (R. 42–43, 832.)

While plaintiff asserts that she often stares into space and is unable to concentrate on a television program, the ALJ noted that plaintiff cares for her personal hygiene, cooks for herself and others when she has company, and reads two to three novels a week.  (R. 48, 50, 806.)

The ALJ also noted that while plaintiff reported that she is hypervigilant and concerned for her safety, she maintained substantial mental abilities as plaintiff's medical records

10

routinely demonstrated that she only occasionally presented anxiety and displayed intact memory, thought content within normal limits, no impulsivity, no suicidal ideation, a linear thought process, and fair judgement. (R. 746, 752, 769, 770, 772, 773, 775, 777, 780, 781, 783, 927.) The ALJ also noted that plaintiff actively participates in therapy and that treatment has been effective. (R. 595, 723, 770, 781, 830, 832, 834.)

Finally, the ALJ did not reject plaintiff's assertions of anxiety merely because she was not consistently hospitalized. The ALJ stated that plaintiff's hospitalizations did not in themselves indicate that plaintiff was disabled. (R. 23.) The ALJ accurately noted that plaintiff's hospitalizations often resulted from physical attacks from her roommates or other environmental stressors which triggered her anxiety. (R. 559, 579, 586, 595.) The ALJ also noted that these visits were infrequent and plaintiff more often reported as stable. (R. 559, 579, 586, 595, 723, 770, 781, 830, 832, 834.)

Plaintiff's disagreement with the ALJ's weighing of the evidence is insufficient, plaintiff must demonstrate that the determination is not supported by substantial evidence. Lillis v. Colvin, No. 3:16-cv-269(WIG), 2017 WL 784949, at *5 (D. Conn. Mar. 1, 2017). Plaintiff has failed to show that the previous accounts were insufficient for "a reasonable mind [to] accept as

adequate to support a conclusion" that she was not precluded from participating in any substantially gainful activity. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Plaintiff has thus failed to show that the ALJ's decision was not supported by substantial evidence in the record. Therefore, the ALJ's determination must be affirmed.

## II. The ALJ Properly Weighed the Evidence

Plaintiff asserts that the ALJ improperly evaluated the opinions of the state agency consultants, the Rehabilitation Services, and LCSW Margalis Sandoval.[5] The Court disagrees.

The ALJ "will assess [the plaintiff's] residual functional capacity based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). "Regardless of its source, [the ALJ] will evaluate every medical opinion [she] receive[s]. Unless [the ALJ] give[s] a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, [the ALJ will] consider all of the following factors in deciding the weight [to] give to any medical opinion." 20 C.F.R. § 416.927(c).

---

[5] Although plaintiff states that the ALJ improperly weighed the opinions of state agency consultants and the Rehabilitation Services, the content of plaintiff's arguments relate to the RFC determination and do not address the weight that the ALJ assigned to the opinions. (Pl. Br. 13–15.) Therefore, the Court will not address the ALJ's weighing of these opinions.

12

In determining the amount of weight to give to a medical opinion, the ALJ considers the examining relationship, the treatment relationship, the length of treatment, the nature and extent of treatment, evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. 20 C.F.R. § 404.1527. It is generally appropriate to "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(c)(5).

Plaintiff asserts that the ALJ improperly rejected LCSW Sandoval's opinion because LCSW Sandoval is not a treating physician. Plaintiff asserts that LCSW Sandoval's opinion is consistent with the record and entitled to more than little weight. The Court disagrees.

LCSW Sandoval opined that plaintiff had poor or no ability to maintain attention for two hour segments, work in coordination with or proximately to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, get along with co-workers or peers without unduly distracting them or exhibiting extreme behaviors, respond appropriately to changes in a routine work setting, and deal with stress of semiskilled work. (R. 926-27.) LCSW Sandoval also opined that plaintiff

13

had a fair ability to travel in unfamiliar places, use public transportation, interact appropriately in public, ask simple questions or for assistance, and deal with normal work stress. (R. 925-26.) Finally, LCSW Sandoval opined that plaintiff would be absent from work more than twice a month. (R. 927.)

The ALJ examined LCSW Sandoval's opinion in compliance with 20 C.F.R. § 416.927(c). The ALJ noted the treating relationship, the opinion's consistency with the record, and evidence contradicting the opinion. (R. 24-25.) The ALJ correctly noted that licensed clinical social workers do not qualify as treating physicians. (R. 24-25); Drysdale v. Colvin, No. 14-CV-01722 SN, 2015 WL 3776382, at *4 (S.D.N.Y. June 16, 2015)("Licensed clinical social workers are not 'acceptable medical sources' due controlling weight under the treating physician rule"). The ALJ then determined that LCSW Sandoval's opinion was inconsistent with her treatment notes and the record and assigned the opinion little weight. (R. 24-25.)

The ALJ found it particularly telling that LCSW Sandoval continually reassured plaintiff and assisted her as she sought employment. (R. 779, 780, 826, 831, 834, 836.) Notably, plaintiff stated that she wanted to work and her fear of working stemmed from her fear of losing her housing. (R. 826, 834, 836.) The ALJ also noted that LCSW Sandoval's opinion that plaintiff would miss more than two days of work per month was

14

unsupported by the evidence as LCSW Sandoval's treatment notes demonstrated that plaintiff seldomly missed appointments and was regularly present and on time. (R. 770, 772–75, 782, 833.)

The ALJ's determination that LCSW Sandoval's opinion is inconsistent with the record is supported by substantial evidence. LCSW Sandoval opined that plaintiff had only a fair ability to take public transportation and interact appropriately in public. (R. 925.) However, plaintiff routinely takes public transportation and reported to LCSW Sandoval that she was making significant improvements in her ability to appropriately act in public. (R. 44, 832.)

LCSW Sandoval opined that plaintiff had poor or no ability to maintain attention for two-hour segments, work in coordination with or proximately to others without being unduly distracted, however, plaintiff reported that she reads two to three novels per week. (R. 806.) Finally, while LCSW Sandoval opined that plaintiff had a fair ability to manage the stress of normal work and no or a poor ability to deal with stress of semiskilled work, LCSW Sandoval routinely attempted to help plaintiff find work and reported that plaintiff is in the maintenance stage of her change which included stability and not getting overwhelmed. (R. 806, 826, 831, 834, 836.)

The ALJ appropriately examined LCSW Sandoval's opinion. The ALJ's determination that LCSW Sandoval's opinion is not

consistent with the record is supported by substantial evidence. Therefore, the ALJ's determination that LCSW Sandoval's opinion should be given little weight is affirmed.

### III. The ALJ's RCF Determination is Affirmed

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. The Court disagrees.

When an individual's impairment does not meet or equal a listed impairment, the ALJ will "make a finding [of the individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). Plaintiff has the burden of establishing a diminished RFC. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

Plaintiff asserts that the ALJ failed to consider all of her medical impairments, severe and nonsevere.[6] (Pl. Br. 19.) Plaintiff further asserts that the ALJ erred by failing to

---

[6] Plaintiff's assertion appears to be grounded in a misunderstanding of the law. The ALJ determined plaintiff's anxiety to be severe and examine plaintiff's anxiety in his RFC determination. (R. 21-25.) Plaintiff takes issue with the level of severity the ALJ assigned plaintiff's symptoms. This argument is better addressed under the substantial evidence analysis. See Mariani v. Colvin, 567 Fed. Appx. 8, 9-11 (2d Cir. 2014)(examining whether substantial evidence supports the level of the plaintiff's RFC limitations which were inconsistent with relevant medical opinions).

16

incorporate limitations that were mentioned by the state agency consultants and State of Connecticut Vocational Rehabilitation Assessment into the RFC determination. (Pl. Br. 13-15.)

Two state agency consultants, Doctors DeCarli and Stack, opined that plaintiff suffered moderate limitations regarding her ability to carry out detailed instructions, maintain attention and concentration for extended periods of time, work with others without being distracted, complete a normal work week and workday without interruption, interact with the general public, request assistance, and use public transportation. (R. 73-74, 78-88, 101-103.) The ALJ assigned these opinions great weight.

Rehabilitation Services opined that plaintiff's depression was significantly disabling and that plaintiff faces severe impairments concerning work tolerance, interpersonal skills, and self and home care. (R. 913.) The ALJ assigned this opinion great weight. (R. 25.)

Plaintiff asserts that the ALJ failed to incorporate many of these limitations into his RFC determination despite assigning these opinions great weight. (Pl. Br. 13-15.) Specifically, plaintiff asserts that the ALJ failed to incorporate plaintiff's limitations regarding concentration, working at a consistent pace, attendance, and memory limitations. (Pl. Br. 14-15, 19-21.) However, the Court has

already found that substantial evidence supports the ALJ's determination that plaintiff does not suffer significant impairments regarding her memory, concentration, and attendance.

Plaintiff also asserts that the ALJ erred by failing to accept the Rehabilitation Services' determination that plaintiff was disabled. Plaintiff is incorrect. Determinations as to whether a plaintiff is disabled "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d). "A statement by a medical source that [a plaintiff is] 'disabled' or 'unable to work' does not mean that [the ALJ] will determine that [the plaintiff is] disabled." Id. The ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." Id. The ALJ therefore did not err in rejecting Rehabilitation Services' determination that plaintiff was disabled.

Plaintiff also asserts that the ALJ erred by limiting plaintiff to only occasional interactions with co-workers and supervisors. (Pl. Br. 21.) Plaintiff asserts that she can have no interaction with co-workers or supervisors because she will be distracted or distract them. (Pl. Br. 21.) As noted above, substantial evidence supports the ALJ's determination that plaintiff's ability to concentrate and interact with others is not significantly impaired.

Plaintiff has failed to establish that the ALJ erred in his determination of plaintiff's RFC. As stated earlier, the Court has already found that the ALJ's determination on this matter is supported by substantial evidence. Without proof of legal error or a lack of substantial evidence, the Court shall affirm the ALJ's RFC determination. <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982).

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #14-1) is DENIED and the Commissioner's motion to affirm that decision (Dkt. #15) is GRANTED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. <u>See</u> <u>28 U.S.C. § 636(c)(3).</u>

SO ORDERED this 27th day of January 2020, at Hartford, Connecticut.

                                            /s/
                                    Robert A. Richardson
                                    United States Magistrate Judge